T.C. Summary Opinion 2004-71

UNITED STATES TAX COURT

WAYNE E. AND ANN L. BURK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3593-03S.                      Filed May 20, 2004.

Wayne E. Burk, pro se.

<u>John Q. Walsh Jr.</u>, for respondent.

PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, section references are to the Internal Revenue Code in
effect for the year in issue.  The decision to be entered is not
reviewable by any other court, and this opinion should not be
cited as authority.

Respondent determined a deficiency of $803 in petitioners' 2000 Federal income tax. This Court must decide whether petitioners are entitled to a claimed $4,000 deduction for contributions to their individual retirement accounts (IRA).

Some of the facts in this case have been stipulated and are so found. Petitioners resided in La Grange, Illinois, at the time they filed their petition.

Section 7491(a) does not apply because this case involves a legal issue.

For taxable year 2000, petitioners jointly filed a Form 1040, U.S. Individual Income Tax Return. On their Form 1040, petitioners reported taxable interest of $51,217.07, ordinary dividends of $2,130.79, taxable refunds of $126, a business loss of $10,144.92 from the sole proprietorship of petitioner Wayne E. Burk (petitioner), and taxable pensions and annuities of $3,107.04. Petitioners each claimed an IRA deduction of $2,000. Respondent disallowed the total amount of $4,000 claimed by petitioners.

Respondent contends that petitioners are not entitled to the claimed IRA deduction because neither petitioner received compensation, as defined in the Internal Revenue Code, during the taxable year in issue.

Section 219(a) allows a deduction for qualified retirement contributions of an individual. Section 219(b)(1) limits the

allowable deduction for any taxable year to the lesser of $2,000 or "an amount equal to the compensation includible in the individual's gross income for such taxable year." Section 219(f)(2) provides that, in the case of married individuals, "the maximum deduction under subsection (b) shall be computed separately for each individual".

Section 219(f)(1) includes in compensation, earned income as defined in section 401(c)(2), but excludes any amount received as a pension or annuity, or as deferred compensation. Section 401(c)(2) defines earned income as "the net earnings from self-employment (as defined in section 1402(a))". Section 1402(a) defines net earnings from self-employment as "the gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed by this subtitle which are attributable to such trade or business". Section 1402(a)(2) specifically defines compensation as excluding interest and dividends. Miller v. Commissioner, 77 T.C. 97, 102 (1981).

Petitioners' income for taxable year 2000 consisted of interest income, ordinary dividends, taxable refunds, and pension and annuity income, none of which is compensation as defined in the Internal Revenue Code. Sec. 219(f)(1); sec. 1.219-1(c)(1), Income Tax Regs. Moreover, petitioners reported a net loss from petitioner's sole proprietorship. Thus, there were no net

earnings from self-employment, no earned income, and accordingly, no compensation.

There is no question but that petitioners had various items of income properly reportable on their income tax return. Unfortunately, neither petitioner received any compensation, as Congress defined this term for IRA purposes, during 2000. Accordingly, we conclude that petitioners are not entitled to the claimed IRA deduction in issue.  We have no choice but to sustain respondent's determination.

Contentions we have not addressed are irrelevant, moot, or without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.